SUMMARY ORDER
Petitioner Dewan Tawsik Bin Tarek (“Tarek”), a native and citizen of Bangladesh, petitions for review of a February 12, 2007 final order of removal of the Board of Immigration Appeals (“BIA”) affirming a June 24, 2005 decision of an immigration judge (“IJ”) denying his motion to terminate removal proceedings and suppress evidence, and ordering him removed to Bangladesh. We assume the parties’ familiarity with the underlying facts and the procedural history of the case, as well as the issues on appeal.
Tarek was admitted to the United States on August 21, 1996 as a nonimmigrant visitor for pleasure with authorization to remain for a temporary period not to exceed February 20, 1997. Tarek did not depart the country as required, and on April 22, 2003, he appeared before the Department of Homeland Security (“DHS”) to register for the National Security Entry-Exit Registration System (“NSEERS”). On June 2, 2003, DHS issued Tarek a Notice to Appear charging him with removability under 8 U.S.C. § 1227(a)(1)(B) for remaining in the United States for a time longer than permitted.
Tarek argues in his petition for review that the BIA erred in concluding that the IJ properly denied his motion to suppress evidence and terminate his removal proceedings because of various alleged constitutional, statutory, and regulatory violations when Tarek registered for NSEERS. We initially note that although Tarek mounts several challenges to the NSEERS process that ultimately led to the commencement of his removal proceedings, he does not challenge that he was subject to removal. “In order to prove that an alien is subject to removal for overstaying his visa, DHS need only show that the alien was admitted as a nonimmigrant for a temporary period, that the period has elapsed, and that the nonimmigrant has not departed.” Zerrei v. Gonzales, 471 F.3d 342, 345 (2d Cir.2006) (internal quotation marks and ellipsis omitted). At Ta-rek’s removal hearing, DHS submitted certified Nonimmigrant Information System (“NIIS”) documents indicating that Tarek overstayed his visa by more than six years, and two letters explaining how NIIS information is generated.
Tarek asserts, however, that such evidence must be suppressed because it was unlawfully obtained during the course of the NSEERS registration and interrogation. The IJ and the BIA concluded that the NIIS documents demonstrating Ta-rek’s removability constituted evidence obtained independently of NSEERS, and thus, it need not be suppressed. Even if we were to assume, arguendo, that Tarek’s identity and immigration status were discovered because of evidence obtained during the NSEERS process, and that the NIIS documents were not an independent source, we still could not conclude that suppression would be required. We recently held that the collection of evidence through the NSEERS program related to an alien’s identity and immigration status does not violate the Fourth or Fifth Amendments. See Rajah v. Mukasey, 544 F.3d 427, 439-43 (2d Cir.2008). Similarly, if we were to assume, arguendo, that regulatory violations occurred, there still would be lacking, on the record facts, a basis *744 upon which the removal proceedings must be terminated. See id. at 443-48. Nor has Tarek demonstrated that “an egregious or fundamentally unfair violation of applicable law occurred or [that] a violation of applicable law undermine[d] the reliability of the evidence in question” warranting the suppression of evidence under circumstances different from that which occurred in Rajah. Id. at 446 (citing Almeida-Amaral v. Gonzales, 461 F.Bd 231, 234 (2d Cir.2006)). Thus, the BIA properly affirmed the denial of Tarek’s motions to suppress evidence and to terminate his removal proceedings based on his assertions of constitutional, statutory, and regulatory violations purportedly arising out of the NSEERS process.
We have reviewed Tarek’s remaining contentions and find them to be without merit. Accordingly, for the reasons set forth above, the petition for review is hereby DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.